THE FARMERS' BANK, Plaintiff in Error, *vs.* JAS. M. WINSLOW, Defendant in Error.

A mortgage was given upon certain property and filed for record on the 4th day of September, 1857. A merchant sold materials to the mortgagor on the 1st of August, 1857, and used them in furnishing the mortgaged property, "between the 1st day of August and the last day of September, 1857," and a judgment for a lien had been obtained against the property under the lien law of 1855.   *Held* that the language of this law indicates the time when the lien commences to attach, to wit: at the "laying of stock, or the commencement of the house."   That third parties who have no means of knowing of the existence of contracts between the mechanic and owner, may rely upon ocular

examination of the premises, in order to see if stock has been laid, or work and labor commenced, and that to give the mechanic's lien a precedence over the mortgage, he must show that the material either in part or whole was on the mortgaged premises, or that they had commenced labor in some manner upon the premises previous to the record of the mortgage.

A party claiming the benefit of the lien law must show a strict compliance with all the pre-requisites required by the statute.

Writ of Error to the District Court of Hennepin County. Hon. E. O. Hamlin rendered judgment upon demurrer to the answer, in favor of the Defendants, Hamilton, Brooks & Co., in the Court below, and the Plaintiff sued out the Writ of Error. The facts appear in the opinion of the Court.

The following are the points and authorities relied upon by the Counsel for the Plaintiff in Error :

*First*—A mortgage of land is a purchase of the same for a valuable consideration, and comes within the provisions of Section 24, page 213 of the Revised Statutes of Minnesota. *Revised Statutes of Minnesota, pages 213 and 214, secs. 29 and 30; Hilliard on real property 404.*

*Second*—*Priority* of record gives priority of interest and title to the lands described in the instrument recorded in cases of voluntary conveyances for valuable considerations, without notice. *Same statute as above cited. Kent's Com. Vol. 4. page 175.*

*Third*—*A voluntary* conveyance of lands and liens created thereon, by the immediate and voluntary acts of parties by deeds executed or arising by operation of law from certain acts or omissions of parties owning the land. *Kent's Com., Vol. 4, page 181, and authorities there cited; Greenleaf vs. Edes, Supreme Court, December Term,* 1858 ; *Willard Eq. Jur. pages 235 and 435.*

*Fourth*—*The lien* law of 1855, subjecting the estate of owners to the payment of claims of parties for work done, and materials furnished upon such real estate is valid and effectual only as against such owner and parties privy to the facts, or having actual notice of such claims, and if from the language of the act a more extensive signification could be inferred, and one which would reach the case at bar, it would be null and void as to such further signification, as being repugnant to natural justice and reason, and impairing the obligations of

contracts entered into in good faith between third parties, and the said law will not apply to contracts for the furnishing of materials, made and entered into beyond the limits of this State. *Kent's Com., Vol.* 1, *page* 494; *Steamboat Falls City vs. Hen.,* 1 *Minn. Rep., page* 390; *James vs. Steamboat Pawnee,* 19 *Missouri, p.* 517; *The Killy Bank Petitioners* 23 *Pickering, p.* 93; *Brown vs. Wright,* 1 *Green, p.* 240; *Mason vs. Finch,* 2 *Scam., p.* 223; *The People vs. Canal Comm's,* 3 *Scam., p.* 153.

*Fifth*—Where materials are furnished and labor done by material-men or mechanics, under a special contract with the owner of the building or property, the parties so furnishing material or doing work, must look to the contract for their security, and cannot resort to the remedy which the mechanics' lien law provides. 8 *Watts & Serg.* 133, *Haley vs. Prosser.* In no event could any right of lien attach till default on the part of the owner to pay according to the contract, and then it could relate back to the commencement of the building or work only against Winslow and parties who had notice, and not as against purchasers in the meantime for a valuable consideration and without notice. 3 *English Rep.* 231; *McCullough vs. Caldwell,* 5 *Wharton Rep.* 301; *Stevenson vs. Stonehill.*

*Sixth*—The party whose right first vested, and whose lien was first perfected, has the prior lien and *equity*, and the Legislature even cannot divest or in any way affect a vested right. *The People vs. Platt,* 17 *Johnson's Rep.,* 195; *Fletcher vs. Peck,* 6 *Cranch* 87; *Decision of S. C. by Curtis, Vol.* 2, *p.* 328.

*Seventh*—Where there is an absence of any contract as to the precise amount to be paid for work to be done and material to be furnished, a lien cannot attach for any other amount than the actual value of the work done or material furnished, as the same is done or furnished, even construing the law most liberally, and there is no allegation that the work done or material furnished in this case was prior to the record of the mortgage, or was of any value whatever.

The following are the points and authorities relied upon by the Counsel for Defendant in Error:

*First*—The first point of Plaintiff in Error has no bearing on the case at bar. The statute gives priority to a recorded over an unrecorded conveyance, but that applies *only* to conveyances; the lien of a mechanic accrues without any conveyance.

*Second*—The system of *records* and notice thereby is a creature of statute unknown to the common law, and the Legislature can create a lien upon real estate otherwise than by record.

This our Legislature has done in passing the lien law, under which these Defendants claim their lien. *Session Laws of* 1855, *sec.* 9.

If a party takes a mortgage with that law in force at the time, he takes it subject to any lien existing under that law.

*Third*—Section 12 of said Mechanics' Lien Law expressly provides that no transfer of the premises on which a lien has accrued for labor or materials shall in any way bar such lien. *Session Laws* of 1855, *p.* 59, *sec.* 12.

*Fourth*—The Mechanics' Lien Law was intended to give those improving and enhancing the value of real estate by labor or materials, *other* security than the individual and personal liability of the owner of the premises thus improved, to wit: A lien upon said premises which Section 20 of said lien law gives the same effect as a mortgage.

If that lien did not attach at the time of furnishing materials or performing the labor, the owner might defraud the mechanic or material-man of the benefit of any lien by transferring or mortgaging the premises thus improved during the progress of the work, or after all the material was furnished.

Most of the States have lien laws with the same object as ours, differing among themselves in details.

The lien law of the District of Columbia is very similar to ours, and the Courts give full effect to that law. *U. S. Statute at large, Vol.* 4, *p.* 659; *Decision under the same* 14 *Howard* 434. What is meant by *the laying of stock?* It is the foundation of the building. *Pennock & Hoover,* 5 *Rawle* 291.

*Fifth*—In reply to the fifth point of Plaintiff in Error, we

say the object of the law is to give *security* to the mechanic by giving him a lien on the property improved by him, to which he may resort in case of non-payment by the owner of the property. The lien attaches when the materials are furnished or the labor done, but the *right of action under* that lien does not accrue until after default in payment. 13 *Metcalf* 149; 2 *Greene* 435; *McCullough vs. Caldwell,* 3 *Eng.* 231; *Hilliard on Real Property, 3d Edition, Vol.* 1, *p.* 507 *note; Hilliard on Real Property, 3d Edition, Vol.* 1, *p.* 508; *Pennock vs. Hoover,* 5 *Rawle* 291; *Jones vs. Hancock,* 1 *Mo. Ch.* 187; *Vandyne vs. Vanners,* 1 *Halst Ch.* 485.

The petition required to be filed by statute within a year is only a means of perpetuating the lien. Section 11 of lien law of 1855, provides that "no such debt for work and materials shall *remain* a lien" longer than one year unless a petition be filed and an action commenced within a year. The term *remain a lien* implies the prior existence of the lien.

*Sixth*—In reply to the sixth point of Plaintiff in Error we say, *prior in tempore potior est in jure.*

The lien of the Defendants in Error was prior to that of Plaintiff in Error, and no act or contract of third parties to which Defendants in Error were not privy can divest or affect their vested right. The materials were furnished August 1st, 1857. The mortgage was not given till August 14, 1857, and was not recorded till September 4, 1857.

*Seventh*—In reply to seventh point of Plaintiff in Error, we say the answer of Defendant distinctly alleges that the labor and materials done and furnished by Defendant were of the value of twenty-one hundred and nineteen and 55-100 dollars.

The Defendants have obtained judgment for a lien, and that judgment cannot be attacked collaterally. The answer also alleges that said materials were furnished on the 1st day of August, 1857, while the mortgage was not given until August 14, and was not recorded until September 4, 1857.

*Eighth*—The mechanic and material-man has a strong *equitable* lien upon the premises improved by him, even if no express lien were given by statute. 20 *Pickering* 545.

*Ninth*—Where a party has sufficient to put him on his inquiry it is equivalent in equity to actual notice. *Booth vs. Barnum*, 9 *Com.* 296, (287 *marginal paging*); *Leth et al vs. Cranner et al*, 4 *Cowen* 716 ; *Jackson vs. Caldwell*, 1 *Cowen* 716 ; *Pitney vs. Leonard Paige, Ch. R. Vol.* 1, *p.* 461 ; *American Chancery Digest Title Notice.*

The answer shows that at the time the lien of Defendants accrued the Winslow House was and now is situated on the premises on which Defendants have a lien, and sought to be foreclosed by this action.

The lien law being then in force, of which Plaintiffs cannot plead ignorance, the fact of such building then being in process of erection was sufficient to put the mortgagee on his inquiry, and was therefore notice, even had notice been required by statute.

SANBORN, FRENCH & LUND, Counsel for Plaintiff in Error.

HALE & BOND, Counsel for Defendant in Error.

*By the Court*—ATWATER, J.  The Farmers' Bank commenced an action in the District Court for the Fourth Judicial District for the foreclosure of a mortgage held by the Plaintiff against certain property of the Defendant Winslow, in St. Anthony, known as the Winslow House. The complaint alleges that the mortgage was executed on the 14th day of August, 1857, and was recorded in Hennepin county, (in which the property was situated,) on the 4th day of September, of the same year. In this suit, Hamilton, Brooks & Co. were made Defendants, with others, and interposed a defence, claiming a prior lien upon the premises. They allege that on the first day of August, 1857, they sold the Defendant Winslow, at Chicago, in the State of Illinois, a quantity of iron pipe, elbows, copper, marble, brass, and other fixtures and materials to be used in furnishing the Winslow House, of the value of $2,119 55-100, and that the Defendant put up said materials in and upon the said Winslow House, between the said first day of August and the last day of September,

1857. It was also alleged that they had commenced a suit against Winslow for the amount, claiming a lien upon the premises, and had prosecuted the same to judgment, and in which a lien was adjudged in favor of the Defendants upon the mortgaged premises.

The Plaintiff demurred to the answer, and the demurrer was overruled, and the Plaintiff sued out a Writ of Error. The only point raised is, which party has the prior lien?

The statute of 1855, under which this lien attaches, (*Session Laws of* 1855, *p.* 58, *sec.* 9,) provides that a mechanic or material-man may have a lien upon the building, as therein specified, which lien shall take precedence of any other lien "which originated subsequent to the laying of stock or to the commencement of such house or other building." This language indicates the time when the lien commences to attach, at least, whenever the question of time becomes material. That time is at "the laying of stock," or, "the commencement of the house," &c.

On the 14th of August, when the mortgage to the Plaintiff was executed and delivered, his lien attached to the premises as against all save bona fide purchasers for a valuable consideration without notice, and was made perfect as against all parties on the 4th of September, when recorded in the proper office. The facts stated in the complaint as to the time of the execution and record of the mortgage are not denied, and therefore stand admitted. In the view taken of this case, it is deemed unnecessary to determine whether, as against the Defendants in Error, the Plaintiffs' lien attached in August or September. The Defendants having admitted a valid lien on the part of the Plaintiff, if they would avoid it, must show that it originated subsequent to their own. This we think the Defendant in Error has failed to do. They allege that the materials were sold by them to the Defendant Winslow on the 1st of August in Chicago. That they were placed in and upon the Winslow House previous to the first of October, or that the work was completed on the last of September. The language of the answer on this point is, that the Defendant "did perform work, labor and services from the first of

August, 1857, up to and until the last of September, 1857, in the erection and construction of the said Winslow House," &c. But it is not stated that *the stock was laid, or the work on the house commenced*, previous to the 4th of September, 1857. From the language above quoted, it cannot certainly be meant that the Defendant in Error commenced putting the materials on the Winslow House on the first of August, for it was then in Chicago. If they actually performed any labor on that day, and for some time subsequent, on the material sold by them, it must have necessarily been performed in a neighboring State. They do not allege that the material was even in this State previous to the 4th of September. To give their lien a precedence over that of the Plaintiffs, they must at least show that their material, either in part or whole, was on the mortgaged premises, or that they had commenced labor in some manner upon the premises previous to the record of the Plaintiffs' mortgage.

When a party claims the benefit of the lien law, he must show that he has strictly complied with all the pre-requisites required by the statute, the aid of which he invokes. This statute creates an incumbrance without record notice, and however just and equitable may be its operation as between the owner and mechanic or material-man, care must be taken that it be not extended beyond its legitimate scope, to the prejudice of third parties, who have no means of knowing of the existence of such incumbrances, save such as the statute points out. These means are simply ocular examinations of the premises, in order to see if "stock has been laid," or work and labor commenced. If this has not been done, he may safely conclude that no builder's lien has attached. For it would often be productive of the greatest injustice, to hold that such liens related back to the time of making a contract where the stock was not laid at the place for the erection of the building, nor the labor performed, for days or months afterwards, as the case might be. For an intervening mortgage security might thereby be rendered totally worthless, although the record and personal examination showed the premises clear from incumbrance. Work and labor expended

upon, or materials furnished for a building, cannot avoid as a lein, unless such building or such materials are upon the premises upon which it is sought to make the lien attach. In the case at bar, the Defendants having failed to show that their materials were on the premises before the Plaintiffs' lien was perfected, the demurrer below should have been sustained. As however the Defendants may have a good defence, the case must be remanded to the District Court for the Fourth District, with leave to the Defendant to serve an amended answer within twenty days after service upon them or their attorneys, of a copy of this decision.