R. H. KNOX and GEORGE WEST, Plaintiffs in Error *vs.* J. A. STARKS, J. D. SEARS and H. M. MATTESON, Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RICE COUNTY.

In entitling a cause, the record should disclose the full names of parties to the action. The practice of designating them by initials will not be countenanced by the Courts.

Under the Lien Law of 1855, the lien attached to the land from the time of " the laying of stock," and took precedence of all other liens which accrued subsequent to that time. The " laying of stock," under that act, meant the beginning of the work by placing the material on or adjacent to the land. But a mortgage which was executed and recorded, before the party who claimed a lien had " layed his stock," would take precedence of the lien, as the prior incumbrance upon the land.

Where a party seeks to enforce a lien under the law of 1855, he must describe the land with sufficient accuracy to enable the Court to decree the sale and the purchaser to find the land under such description.

This was an action to enforce a mechanics' lien against certain property described in the complaint as follows :

" Block number eleven (11) in the Town of Cannon City, according to the recorded plat thereof," without stating that said block did not exceed forty acres, or that it was a village lot not exceeding one acre.

The same description was given in the " Petition or claim for Lien," which was filed in pursuance of the act of 1855.

The cause was tried before a Referee, who reported that the Plaintiff had no lien upon the property, but gave judgment upon the contract against the principal Defendant, and a judgment for costs against the Plaintiff in favor of the Defendant Matteson, (whose mortgage upon the premises was adjudged to be the prior lien upon the property.)

The Plaintiffs' review by Writ of Error.

Points and authorities of Plaintiffs in Error.

*First.*—That the contract between the parties plaintiff and defendant, was entered into and became binding upon them on the 14th day of July, 1857, when the memorandum of agreement was made by Knox and Starks.

*Second.*—That no change in the manner of building could change the rights of the Plaintiffs, because it appears from the

report of the referee that the original plan was substantially carried out, and the work was accepted by the Defendants, as satisfying the contract.

*Third.*—That the contract of September 2, 1857, was merely the continuation of the original, and not a new one, and because even, if it were a new contract, it was perfected at its date, by the subsequent signing by the Defendants Starks and Sears, their signing or executing the same relating back to the 2nd day of September, 1857.

*Fourth.*—That the description of the land in the lien claim is sufficient, and the court below should have given judgment for a lien upon one acre of land as demanded in the complaint.

*Fifth.*—That the finding of the court below by the Referee, " that the execution of said contract by Starks and Sears after the registration of Matteson's mortgage, though good between the parties thereto, is subject to objection on behalf of Matteson as not being the contract alleged in the lien claim and the Plaintiffs' complaint, and as subsequent to his own title," is erroneons, and inconsistent with the pleadings and other facts found by the Court or Referee.

*Sixth.*—That the lien commences at the time of commencing the labor or furnishing the material, and such lien continues one year without filing it, or performing any other act ; and the lien having once existed, it became a vested right in the Plaintiffs, and a repeal of the law could not divest them of it. The Court below erred in determining otherwise.

*Seventh.*—If it were possible for the Legislature to divest the Plaintiffs of their lien, it would also be competent for the same authority to restore it, as it did by the law of August 12, 1858 ; and the Court below erred in finding otherwise.

*Eighth.*—That the whole facts found by the Court below or Referee, show that the Plaintiffs are justly and legally entitled to judgment for a lien as prayed for in their complaint, and the said Court or Referee erred in finding otherwise. And said judgment for Plaintiffs is erroneous because it does not contain a lien against said property as demanded. *See Laws of Minnesota, approved March* 3, 1855, *March* 20, 1858, *and August* 12, 1858.

As to vested rights, *See Harrington vs. Berkshire,* 22 *Pick.*

263; *Belfast vs. Leominster*, 1 *Pick.* 123; *The People ex rel. Fountain and others vs. The Board of Supervisors of the County of West Chester*, 4 *Barb. and cases therein cited.* 14 *Curtis* 628.

Points and authorities of Defendants in Error:

*First.*—The lien law of March 3d, 1855, provides for liens upon "dwelling houses and other buildings," and not upon machinery and millwright work. *Session Laws* 1855, *p.* 58, *Sec.* 9; *Dewey vs. Fifield*, 2 *Wis. Rep.* 80; *Dean & Ruggles vs. Wheeler*, 2 *Wis. Rep.* 226; *Wis. Stat. (late edition)* 891.

*Second.*—The lien law of this State of March 3d, 1855, under which Plaintiffs claim the right to a lien is an exact transcript of the lien law of the State of Wisconsin. *Rev. Stat. Wis. p.* 616 (*old edition.*)

*Third.*—The lien of the mechanic or material man is created or fixed by *filing the petition.* This must be done in the lifetime of intestate or testator (debtor), or the lien claimant will be in the same condition as other creditors. There is no vested right till a petition is filed in conformity with the provisions of the law. *Session Laws* 1855, *p.* 58; *Dobbs vs. Encorl*, 4 *Wis. Rep.*, 451, (*exactly in point.*)

*Fourth.*—The petition filed in this case is bad and insufficient to create a lien on the premises:

1. In not being entitled in any court.

2. In not being addressed to any court.

3. In not having been signed by the petitioners or either of them.

4. It does not definitely and sufficiently describe the premises upon which Plaintiffs' claim a lien.

5. It was not filed within the time nor in the manner required by the law existing at the time of filing the same.

1 *Whit. Practice*, 186; *Session Laws* 1855, *p.* 59, *Sec.* 12; 1 *Greene* 75; 2 *Greene (Iowa)* 510; *Turner vs. Londre*, 4 *Scammon.*

*Fifth.*—All of the lien law of 1855 from section nine to section twenty inclusive, is repealed by act of March 20th, 1858, and is not revived by any subsequent act. *Compiled Statutes* 695 to 700 *inclusive.*

*Sixth.*—The Plaintiffs having commenced their action upon and claimed their right to a lien on a written contract cannot recover judgment except on said contract; and said contract having been executed subsequent to the making and recording of the mortgage to Matteson, can acquire no lien prior to the mortgage.

*Seventh.*—The Plaintiffs not having furnished any materials or performed any labor at the time of the recording of the mortgage to Matteson, and said Matteson, having loaned his money and taken his security in good faith and without notice, even if they had taken the necessary steps to secure their lien, would not be entitled to judgment for a lien upon the mortgaged premises except subject to the mortgage.

*Eighth.*—The Plaintiffs could maintain no action against the Defendant Matteson even if he had had notice of their contract at the time of the taking of his mortgage unless they had strictly complied with the terms of the contract; the consent of Starks and Sears to change the plan of building, and the acceptance of the work by Starks and Sears could have no binding effect upon Defendant Matteson.

*Ninth.*—The contract itself gives no right to a lien. It is the use of the materials furnished on the premises, putting them into the building and attaching them to the freehold. *Goty vs. Casey,* 15 *Ill.* 192.

Davis & Tanner, and M. Sherburne, Counsel for Plaintiffs in Error.

Batchelder & Buckham, Counsel for Defendant in Error.

*By the Court*—Flandrau, J.   In entitling this case I am compelled to adopt the above inartificial and mutilated form, as there is not a paper in the cause from the summons to the judgment that discloses the real names of the parties. I make this statement that it may not be supposed when this opinion becomes a public record, that such a gross disregard of legal accuracy originated in this court, and for the further purpose of announcing that we are not willing any longer, even indi-

rectly to incur the charge of having sanctioned it by tacitly passing it over.

The question in this case is whether the Plaintiffs' claim for the labor and materials furnished by them to the Defendants Starks and Sears in the erection of the flouring mill mentioned in the complaint, is a lien upon the land upon which it is situate, prior in order to the lien of the Defendant Matteson's mortgage.

The question must be decided upon the act of 1855. (*Sess. Laws of* 1855, *p.* 58, *Sec.* 9.) This section makes the claims of mechanics, material men, laborers and all other persons employed in erecting or furnishing materials for a dwelling house or other building, a lien on the land upon which the structure is situate, to the extent of forty acres without, and one acre within the limits of a city, town or village ; which lien attaches to the land from the time of " the laying of stock," and takes precedence of all other liens which accrue subsequent to that time. No lien can in any case attach under this act until the laying of the stock, which means the beginning of the work by placing the material for the structure on or adjacent to the land upon which it is to be erected. From this fact notice is chargeable upon any one who shall take a subsequent lien by mortgage or otherwise upon the land. It has the same effect in point of notice, that the possession of land carries of an adverse claim. If the Plaintiffs had been on the land with their machinery and material at the time the Defendant Matteson took his mortgage, he probably would have made some different arrangements by which he could have secured himself against their claim in case it was not paid, but it would be very unjust, and have the effect of deterring any one from advancing money upon such security, if the land could be afterwards swallowed up by a mechanic's lien for some matter which had not been commenced, and of which the lender had no notice at the time of his loan.

We had occasion to place this construction upon the act of 1855, in the case of *The Farmers' Bank vs. Hamilton Brooks & Co.*, decided at the July Term of this Court of 1859.

We think that decision was a correct interpretation of the Statute. The mortgage of the Defendant Matteson having

been executed and recorded before the Plaintiffs had " layed their stock," any lien which they may have upon the land must be subsequent to his ; and they have no right to complain of this operation of the Statute because the record of Matteson's mortgage was full notice to them of his claim, and they could have declined proceeding with the work if they had considered the land thus incumbered an insufficient security for their advances of material and labor.    At any rate Matteson cannot be made to suffer.

There is a further reason why the Plaintiffs could not assert their lien as against Matteson.    The description of the premises upon which they claim a lien is so indefinite and uncertain that the Court could not have decreed the lien.    When a party seeks to enforce a lien under the mechanics lien law of 1855, he must describe the land with sufficient accuracy to enable the Court to decree the sale, and the purchaser to find the land under such description.    As much certainly is required as in a conveyance.

The report of the referee was right, and the judgment entered upon it must be affirmed.