JOHN McCARTY, Appellant vs. ISAAC VAN ETTEN, Respondent.

A complaint for lien, (under the Act of 1855,) set forth that the "building is situated on block one hundred and nine, in the Town of Columbus," without showing the quantity of land in said block, or whether it was within the limits of any city, town or village plot. *Held* That such description would not authorize the Court to decree a lien thereon, under the Statute.

The claim or petition (under said act,) should also *pray the Court for a lien upon the premises;* otherwise innocent purchasers will not be prejudiced by the claim.

Points and authorities of Appellant:

*First.*—Appellant is entitled (respondent having answered) to a decree of lien and sale of lands described in the complaint, as such relief is embraced in and consistent with the case made by the complaint, and no demand for relief was required to be made in the complaint. If the Defendant answer, the demand for relief becomes immaterial. *Marqual vs. Marqual,* 2 *Kernan* 341; *Van Sanvoord's Pl.* 362; *N. Y. Am. Code, Sec.* 275; *Rev. Stat.* 544, *Sec.* 96; *Mason & Craig vs. Heyward,* 3 *Minn. Rep.* 182.

*Second.*—The complaint was filed under the Statute, *Acts* 1855, *p.* 60 *Sec.* 12, and in accordance with the requirements of said act, and in form, and has the force and effect of a mortgage. *Acts* 1855, *pp.* 58, 59, 60. *Secs.* 9, 11, 15, 16, 17, 18, 19, 20.

*Third.*—The order denying a lien is reversable. *R. S.* 621, *Sec.* 11 ; 4 *How. Pr. R.* 331 ; 10 *How. Pr. R.* 90; *Am. Code* 485.

*Fourth.*—The court will permit an amendment in the demand for relief in the complaint on appeal, or treat the pleadings as having been amended in any respect in which the court ought to allow an amendment, if application has been made at special Term, or in the court below. *Bowdoin vs. Cole*, 3 *Abb.* 431 ; *Hanover vs. Heoch*, 19 *Barb.* 321 ; *Barlo vs. Graham*, 1 *Kernan* 237 ; *R. S.* 621, *Secs.* 7, 8 ; *Getty vs. The Harlem R. R. C.*, 6 *How. Pr. R.* 269.

*Fifth.*—Where the record furnishes the only ground for and requires the amendment, then the amendment may be made on the hearing of an appeal, at General Term, and without notice of motion for leave to amend. *R. S.* 544, *Sec.* 94; *Clark vs. Dale*, 20 *Barb.* 42 ; *Code of* 1859, *p.* 485 ; 19 *Barb.* 328.

Points and authorities of Respondent :

*First.*—Amendments may be allowed in furtherance of justice by inserting allegations material to the case, or when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the fact proved.

But this does not apply to a complaint which does not contain allegations necessary to, and consistent with the relief sought by the amendment. The record does not show that there has been any *proof* of any facts not alleged in the complaint. *Stat. of Minn. p.* 544, *Sec.* 90 ; 2 *Kernan*, *p.* 341.

*Second.*—The complaint filed did not contain facts sufficient to authorize the court to give a lien ; and the judgment upon the verdict was the only judgment the court could grant, under the summons, (which was for a money demand,) the demand for relief, and facts stated in the complaint, and the proofs upon the trial. *See Record.*

To amend the judgment by granting the motion for a lien,

would change the nature of the action, from an action *in personam,* to a proceeding *in rem,* as well as the defence, and grant a statutory lien, to which the Plaintiff does not show he is entitled, either by his pleadings, his proof, or his motion papers.

*Third.*—The complaint for a lien must show a strict compliance with all the pre-requisites required by the Statute. *Farmers' Bank vs. Winslow,* 3 *Minn. R.* 87. It does not appear that any petition or claim for this lien was filed in the office of the Clerk of the District Court as required by the law, either from the complaint, the proofs or the motion papers. *See Lien Law of* 1855, *p.* 59, *Secs.* 9 *to* 12. And consequently the complaint never had the force or effect of a mortgage.

*Fourth.*—The complaint does not state or show whether the property upon which the building was situated, was a lot in a town, city or village, and that it did not exceed one acre in extent, or whether it was land not exceeding forty acres. *See act of* 1855, *above referred to.*

*Fifth.*—The Plaintiff failing to show that his claim became a lien under the act, or that the same had the force and effect of a mortgage upon the land, third parties would not be bound by it, even if his proceedings would operate as a lien upon the land in the hands of the Defendant, and it was therefore incumbent upon him to show in his motion papers, that the property was still owned by him, and that innocent purchasers would not be prejudiced by the allowance of the relief.

*Sixth.*—The order denying the motion below did not " *involve the merits* " of the action. *Stats. of Minn. p.* 621, *Sec.* 7 ; *St. Johns. vs. West,* 4 *How. P. R.* 331 ; *Tallman vs. Hinman,* 10 *Id.* 90 ; *Burhaus vs. Tibbetts, Id.* 78.

NEWELL, Counsel for Appellant.

HARVEY OFFICER, Counsel for Respondent.

*By the Court*—ATWATER, J.  The action below was for materials furnished for, and work and labor performed upon a hotel situated upon block 109, in the town of Columbus, Anoka county, as alleged in the complaint. The complaint alleges

that the Defendant was the owner of the premises, that the materials were furnished, and the work and labor performed at the instance and request of the Defendant, and demanded judgment against the Defendant for the sum of $401, with interest from October 11, 1857.

The Defendant answered, but did not appear on the trial, and the Plaintiff took judgment for the amount claimed in his complaint.

Afterwards a motion was made by the Plaintiff's Attorney, before the Hon. C. E. Vanderburgh, Judge of the District Court for said county, for leave to amend the complaint, by inserting therein, after the demand for judgment, the words " and that the said sum be decreed to be a lien upon the lands described in the said complaint, and that said land be sold to satisfy said amount, and for such other and further relief, as shall be equitable." This motion was founded upon an affidavit, setting forth that this prayer for relief was omitted in the first instance through mistake, etc. On the hearing of this motion, an affidavit was read on the part of the Defendant, setting forth that the Defendant had sold the premises mentioned in the complaint, during the year 1858. (Judgment was entered in April, 1860, and the motion made June 11, 1860.) The motion was denied, and the Plaintiff appealed to this court.

The complaint in this action is claimed as the basis of the lien sought to be enforced, and was filed in the office of the Clerk of the District Court for the county of Anoka, in February, 1857. Such is the endorsement on the copy of the complaint furnished the Court, though this is probably intended for February, 1858, as the complaint states the cause of action accrued in the autumn of 1857. But the claim for a lien must be evidently on the act of March 3, 1855, *vide Session Laws of* 1855, *p.* 57. That act provides what property shall be subject to a lien, and what proceedings are requisite to acquire it. If the land upon which the building be situated be " within the limits of any city, town or village plat, the lot on which such dwelling house or other building be situated, not exceeding one acre, shall be subject to the payment of the debt," etc. Otherwise the amount of land subject to a lien was forty acres. The act also provides

that a petition or claim for a lien must be filed, and an action instituted for the recovery thereof within a year. And section twelve provides what the petition or claim shall contain.

No other " petition or claim " for a lien was filed in this case, save the complaint in the action. Whether this would have been a sufficient compliance with the Statute, had the necessary requisites been therein contained, it is unnecessary to determine, since the complaint itself does not state sufficient facts to authorize a decree of lien. Section twelve requires, among other things, that the petition or claim shall contain " a description of the premises, and all the material facts in relation thereto." The description of the premises is entirely too indefinite to satisfy the requirements of the statute. The complaint simply states that the building is situated on block one hundred and nine, in the town of Columbus. There is nothing in the complaint from which the court can determine the quantity of land embraced in block 109. If the premises be not within the limits of any city or town or village plat, and exceed forty acres, a lien could not be decreed ; and if it be within such limits, and exceeds one acre, the same result must follow. The matter sought to be inserted in the complaint, asks for a lien on the whole, but if the motion were granted, the relief asked could not properly be granted. Certainly a statement of the quantity of land sought to be made subject to the lien is " a material fact in relation to the premises," as the court has no right to include more land than the Statute expressly authorizes.

But further, it is provided that " a claim or petition " for the lien must be filed. Whether this claim or petition be in a separate instrument, or embodied in the complaint, it must be substantially complied with, that is, the party must specifically *pray the court for a lien upon the premises*, setting forth sufficient facts to entitle him thereto. This provision is especially important for the protection of purchasers or incumbrancers, subsequent to the time when the claim for a lien accrued. If the party claiming a lien has omitted this important step, innocent purchasers ought not to be prejudiced thereby. In the case at bar, a person who might have examined the complaint on file, certainly would have had no notice therefrom,

that a lien was claimed on these premises, as the allegations scarcely differ in any respect, from those ordinarily employed in personal actions, for a money demand on contract.    And as it appears from the motion papers that the Defendant had actually sold the premises previous to the entry of judgment, it would be manifest injustice to allow the purchaser's title to be prejudiced, by establishing the lien now prayed for.

In the *Farmers' Bank vs. Winslow,* 3 *Minn.* 86, we held, that when a party claims the benefit of the lien law, he must show that he has strictly complied with all the pre-requisites required by the Statutes, the aid of which he invokes.    The propriety and justice of such rule is illustrated by the case at bar, and if in any case it should be relaxed, the present is not one of that kind.    The same principle has been further recognized by this court in the case of *Knox et al. vs. J. A. Starks,* decided at July Term, 1860, 4 *Minn.* 20.    As we think for these reasons the motion was properly denied, it is unnecessary to consider the other objections raised on the argument.