## KELLENBERGER *v.* BOYER ET AL.

MECHANIC'S LIEN.—*Action.*—*Necessary Parties.*—In a suit to enforce a mechanic's lien for the material furnished and labor performed in the erection of a building, where, subsequent to the contract for the work, the owner of the land has sold and conveyed it, he is not a necessary party.

SAME.—*Priority over Conveyances.*—The lien of the mechanic relates to the time when the work commenced or the material began to be furnished, and takes priority as well over subsequent conveyances as over subsequent incumbrances.

APPEAL from the Wayne Common Pleas.

BUSKIRK, J.—This was a proceeding on the part of the appellees against appellant and Reuben Taylor, to enforce liens against certain described real estate, for materials furnished and labor performed in the erection of a house thereon.

Kellenberger *v.* Boyer *et al.*

There was issue, trial by the court, motion for a new trial overruled, and judgment.

Numerous errors have been assigned, but none of them can be considered, except the action of the court in overruling the demurrer to the complaint, and in sustaining it to the second and third paragraphs of the answer of Kellenberger and Taylor.

There is copied into the record what was evidently intended to be a special finding of the court, but it is not signed by the judge or made a part of the record by a bill of exceptions; nor was there any exception to the decision of the court, or any motion made in reference thereto. No error can be assigned thereon.

The appellant has assigned for error the overruling of the motion for a new trial, but the evidence is not in the record, and, consequently, no question is presented for our decision on such ruling. It is also assigned for error that the judgment is informal, uncertain, and defective, but no motion was made to correct or set it aside, or any objection taken to it in the court below, and no question can be presented in this court in reference thereto. *Smith* v. *Dodds*, 35 Ind. 452, and *Train* v. *Gridley*, 36 Ind. 241.

This leaves for our decision the correctness of the rulings of the court on the demurrers to the complaint and the answer.

The complaint charges, that George H. Oakes, being then seized in fee of certain real estate therein described, contracted with the plaintiffs below to furnish materials and perform labor, in and about the construction of a dwelling-house on said real estate; that the work and labor was commenced October 15th, 1861, and completed January 14th, 1869; that on the 6th day of November, 1868, Oakes sold and conveyed the said real estate; that Taylor claimed to have some interest in said real estate; that the plaintiffs filed their notice of the lien February 9th, 1869. The action was commenced to foreclose the lien March 17th, 1869. Oakes, Kellenberger, Taylor, and other lien holders were made defendants, all of whom were served and appeared but Oakes.

The demurrer pointed out two grounds of objection to the complaint; first, that Oakes was not a party defendant; second, that the complaint did not state facts sufficient. The demurrer was overruled, and an exception was taken.

Was Oakes a necessary party defendant? This was a proceeding to enforce a mechanic's lien on real estate and obtain a decree for the sale of the premises to satisfy the liens thereon. There was no personal judgment demanded or rendered. This proceeding assimilates itself to the foreclosure of a mortgage.

In *Stevens* v. *Campbell*, 21 Ind. 471, it was held by this court that, when the mortgagor, subsequent to the execution of the mortgage, had sold and conveyed the mortgaged premises, he was not a necessary party to a proceeding to foreclose the mortgage against the purchaser, when no personal judgment was demanded.

The same principle is applicable to this case. The making of Oakes a party was not necessary to the enforcement of the rights of those who had liens on the property. Their proceedings were against the property, and not against Oakes. Nor would his being a party avail Kellenberger; for his remedy, if any, is on the covenants of warranty in the deed from Oakes to him.

This ground of demurrer was not well taken. Nor do we think there was anything in the second ground of objection. We think the facts stated were sufficient to entitle the plaintiffs to the relief prayed for. The court committed no error in overruling the demurrer to the complaint.

The second paragraph of the answer was as follows.

"And for second answer they say that prior to the filing of the notices by the plaintiffs of their intention to hold liens on said property in the complaint mentioned in the recorder's office, the said defendant, without any knowledge of the existence of said liens, purchased of the said Oakes and wife, for a valuable consideration, the real estate in the complaint described; and that the said Oakes and wife, on the 9th day of November, 1869, executed and delivered to him, the

said Kellenberger, a deed of conveyance therefor, which deed was duly recorded in the office of the recorder of Wayne county, according to law, and that afterward, to wit, on the — day of ——, 1869, said Kellenberger sold and conveyed said property to defendant Taylor, by deed of conveyance, duly recorded, and for a valuable consideration, and the defendant Taylor is now the owner thereof; and the defendants say further, that the work and labor done and the materials furnished, in the complaint mentioned, were not done and furnished for said defendants, Kellenberger and Taylor, nor at their instance and request."

The third paragraph was the same as the second, except it was alleged that "prior to making said purchase, said defendant Kellenberger made diligent examination and inquiry in regard to incumbrances and liens on said property, and found that none existed of record;" and that, "subsequent to said conveyance to the defendant Kellenberger no work had been done, or materials furnished, for said building in complaint mentioned."

Did the facts stated in the second and third paragraphs of the answer, or in either of them, constitute a valid defence? The solution of that question will depend upon the time when the mechanic's lien attached on the property in controversy. If the lien attached at the time when the work on the building commenced, then it will constitute a prior lien, and the appellant took the conveyance subject to the prior incumbrance. If, on the other hand, the lien did not attach until the notice was filed in the recorder's office, then the lien would be subsequent to the conveyance, and a purchaser in good faith, and for a valuable consideration, would hold the property free from such subsequent lien.

Under the act of June 18th, 1852, this court, in *Millikin v. Armstrong*, 17 Ind. 456, held that the lien of a mechanic, for work done or materials furnished in the construction of a house, only took effect from the time of filing his notice in the recorder's office.

By the act of March 11th, 1867, the act of 1852 is so

amended as to provide that "liens so created shall relate to the time when the work upon said building or repairs began, and to the time when the person furnishing materials began to furnish the same, and shall have priority over all liens suffered or created thereafter, except other mechanics' and material men's liens, over which there shall be no such priority." Acts of 1867, p. 98.

A construction has been placed upon the act of 1867 by this court, in *Fleming* v. *Bumgarner*, 29 Ind. 424, where it is said: "It is contended that the liens do not take priority over the subsequent conveyance, but that, by the terms of the law, the priority is confined to subsequent liens, and does not embrace conveyances. We think otherwise. A fair construction of the law is, that the lien of the mechanic or material man relates to the time when the work commenced, or the materials began to be furnished, as to subsequent conveyances as well as to other liens. Fleming took his conveyance subject to the liens of the appellees."

The above decision is directly in point, and if the construction placed upon the act of 1867 is approved, it must be decisive of the case under consideration. The above construction is not justified by the "terms of the law," for, by such terms, the act is limited to incumbrances, but is made to embrace conveyances. We have, after much reflection, and with considerable hesitation, come to the conclusion that the above construction does not extend the operation of the act beyond its evident spirit and the legislative intention.

A recent elementary writer says: "A subsequent transfer of the property ought and does not affect the lien after work has actually been begun." Houck Liens, 146.

To the same effect are the following cases: *Hotaling* v. *Cronise*, 2 Cal. 60; *Miller* v. *Barroll*, 14 Md. 173; *Knox* v. *Starks*, 4 Minn. 20; *American Fire Insurance Co.* v. *Pringle*, 2 Serg. & R. 138.

It is also said by Houck, 145, that "the office of a lien is not to create an estate, nor, in the slightest degree, to affect or interfere with prior incumbrances, but to prevent subse-

quent alienations or incumbrances to defeat a just demand."

We are of the opinion that the court committed no error in sustaining the demurrer to the second and third paragraphs of the answer of appellant and Taylor.

We avail ourselves of this opportunity of suggesting to the clerk of Wayne county, and through him to the other clerks of the State, that, while it may be a source of profit to him to cover thirteen pages of the record in this case with summonses and the returns thereon, when all the parties served appeared to the action, it is in violation of the plain and undoubted requirements of the law, and his sworn duty, and imposed unnecessary expense upon the appellant, and great labor upon the judges of this court. We commend to his careful examination, sections 558 and 559 of the code, and we more especially invite his attention to the last clause in section 559.

The judgment is affirmed, with costs.

*W. C. Wilson*, for appellant.

*L. D. Stubbs*, for appellees.