## B. M. ODUM v. LOOMIS & CHRISTIAN.

(No. 309, Op. Book No. 1, p. 508.)

APPEAL from Travis County.   Opinion by WINKLER, J.

§ 524. *Mechanic's lien; purchaser without notice; statute construed.* Appellees furnished material to Dyson & Brooks, and labor also, to construct certain improvements. Appellant purchased the property upon which the improvements had been placed, paid a valuable consideration therefor, and had no notice of any lien upon it. The purchase was made within six months after appellees' debt against Dyson & Brooks had become due. Appellees brought this suit against Dyson & Brooks and appellant to recover of Dyson & Brooks their debt, and to enforce a mechanic's and materialman's lien upon the property. Appellees had not had their lien recorded under the provisions of the statute. [2 Pas. Dig. 7112 et seq.] *Held*, when the party claims the benefit of a statutory lien he must show that he has strictly complied with all the prerequisites of the statute, the aid of which he invokes; and however just and equitable may be its operations between the owner and the mechanic or materialman, care must be taken that it be not extended beyond its legitimate scope, to the prejudice of third persons who have no means of knowing the existence of such incumbrance, save such as the statute points out. [Phillips on Mechanics' Liens, § 20; 3 Minn. 86.] The lien given by our statute is binding against the party to whom the material is furnished or the work done; but the statute cannot be construed so as to bind the property in the hands of a *bona fide* purchaser for value, without notice of such lien upon it, although the property was pur-

chased within six months after the maturing of the debt. If the creditor party desires to make good his lien against subsequent purchasers he should put them upon notice by placing his lien upon record as provided by law.    The judgment in this case, in so far as it foreclosed a lien upon the property purchased by the appellant, was erroneous.    [NOTE.— The provisions of the statute as they now exist are substantially the same as those discussed and construed in this opinion.    R. S. 3164 et seq.]

October 12, 1878.        Reversed and remanded.