Charles C. Dennis and another *vs.* James P. Smith and others.

June 12, 1888.

**Mechanic's Lien—Non-Lienable Items in Account.**—A mechanic's lien is not defeated by including in the account filed lienable and non-lienable items furnished under the same contract, provided the lienable items, and their prices, are separable from the others.

**Same—Application of Payments.**—The application, generally, upon the account, of a payment less than the amount of the lienable items, will not extinguish the whole lien.

**Same—Adjustment of Account by Parties.**—The fact that the parties have had an accounting, and adjusted the amount due on the whole account, will not destroy the lien, nor prevent the court from eliminating the nonlienable items in a suit to enforce the lien.

Plaintiffs brought this action in the district court for Murray county to enforce a lien for boilers, engine, and machinery for a flouring-mill. The complaint alleges two contracts between plaintiffs and Smith, the owner of the land and building, the first, in writing, for certain specified machinery and materials, at the price of $955, and the second, of later date, for such additional machinery and material as Smith should require for the mill. This second contract was oral, and the complaint alleges that, under it, plaintiffs furnished material to the amount of $441.71. Attached to the complaint is a copy of the verified lien-statement as filed, in which the "engine and boiler outfit," provided for in the first contract, is stated, as a single item, at the contract price, $955. The items going to make up the $441.71 are separately stated, and among them are these: "Cummings, travelling expenses and time more than contract, $29.15." "Cash, Expenses Mr. Dennis' trip, $25." "Cash, paid telegram message, sent to collect, $0.94." And the items subsequent to November 18, 1886, aggregate $100.29. The total of the amount is $1,396.71, and the complaint admits, and the verified statement gives credit for, a cash payment of $500 on account, made November 19, 1886.

The complaint further alleges that on November 18, 1886, plaintiffs and Smith had an accounting, in which it was agreed that there was due plaintiffs $1,296.43, for $800 of which Smith then gave his promissory notes, one for $300, and two for $250 each, payable at 30, 60, and 90 days thereafter, with interest, which notes have not been paid, and are still owned by plaintiffs.

A general demurrer to the complaint was overruled by *Perkins,* J., and the defendants appealed.

*P. P. Smith* and *Daniel Rohrer,* for appellants.

*H. C. Grass,* for respondents.

MITCHELL, J. This was an action to enforce a mechanic's lien for material and machinery for the construction of a mill, furnished to the owner under one entire contract, partly written and partly oral.

The principal question in the case is whether the commingling of lienable and non-lienable items in the account filed destroys the lien. If the whole had been furnished for a round sum, so that it would be impossible to determine what part of the contract price is applicable to the lienable and what to the non-lienable items, then, as there could be no lien for the whole, there probably could be none for a part. *Morrison* v. *Minot*, 5 Allen, 403. The only price fixed by the contract in this case was on the engine, boiler, and trimmings, which are all lienable. As to the articles furnished under the oral part of the contract, (which includes those alleged to be non-lienable,) no price was fixed, each article being left to be charged for at what it was reasonably worth, and the value of each appears separately in the statement of account. Consequently there is no difficulty in separating the one class of items from the other, or in determining the amount due for those that are lienable. Under such circumstances, the including, in the statement of claim, non-lienable items will not defeat the lien. What would be the effect if it were done for a fraudulent purpose we need not now inquire. Phil. Mech. Liens, § 355, and cases cited.

The appellants further contend that the payment of $500, applied generally upon the whole account, destroys the lien. If the payment had been as large or larger than the entire amount of the items for which the plaintiffs were entitled to a lien, there would be some force in this point. It would present a case similar to that of *Driscoll* v. *Hill*, 11 Allen, 154, in which it is said that for aught that appeared the money credited may have been sufficient to pay for all that was lienable. But in the case at bar the amount of the payment was much less. Hence there must still, in any view of the case, be some amount due for which the plaintiffs are entitled to a lien. This disposes of the only question which can be raised by demurrer to the complaint. Whether the payment should be applied wholly on the lienable items, or wholly, or as far as necessary, upon the non-lienable items, or *pro rata* on both, are questions which will arise, if at all, on the trial.

There is nothing in the point that the parties have converted the open account into an account stated. This does not change the nat-

ure of the claim, but, like the giving of a note, is a mere adjustment of the amount due. *Milwain* v. *Sanford,* 3 Minn. 92, (147.) It does not destroy the lien, neither will it stand in the way of the court's eliminating non-lienable items in case it should appear that such were included.

Appellants' other assignments of error do not require special consideration. We think none of them are meritorious.

Order affirmed.