OF

## THE STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, A. D. 1898,

AND IN THE FIFTY-SECOND YEAR OF THE STATE.

---

R. I. PEATMAN v. THE CENTERVILLE LIGHT, HEAT AND POWER COMPANY, et al., Appellants.*

**Mechanic's Lien:** ASSIGNMENT: *Subsequent incumbrances.* An assignee of a claim for labor and materials furnished in the construction of a house, is entitled to a mechanic's lien therefor, as against persons other than subsequent purchasers or incumbrancers in good faith, although the lien has not been perfected by filing a statement prior to the assignment, under Acts Sixteenth General Assembly, chapter 100, section 6, providing that every person who wishes to avail himself of the provisions of the statute shall file a verified statement of the demand due him, and that such statement must be filed by a principal contractor within ninety days, and by a sub-contractor within thirty days, but that a failure to file the same within the periods mentioned shall not defeat the lien except against purchasers or incumbrancers in good faith.

*The figures on the left of the syllabi refer to corresponding figures placed on the margin of the case at the place where the point of the syllabus is decided.

SAME. A judgment creditor whose judgment is rendered nearly a year after the statement of a mechanic's lien is filed on the premises of the judgment debtor, is not a subsequent incumbrancer in good faith within Acts Sixteenth General Assembly, chapter 100, section 6, requiring every person claiming a mechanic's lien to file a verified statement of the demand due him within a specified time, and providing that a failure to file the same within such time shall not defeat the lien except as against purchasers or incumbrancers in good faith, without notice, whose rights accrued after the expiration of the time specified and before any claim for the lien was filed.

WHO ENTITLED TO. A lien may be acquired for the labor of a man who operates a gas plant for thirty days and tests the machinery and causes it to meet the requirements of the guaranty given, under the statute providing that a lien may be acquired by any person who shall do any labor upon any building or make any other improvement upon land.

SAME. A contractor for the erection of a gas plant is not entitled to a lien for services rendered in instructing the superintendent.

SAME. A mechanic's lien cannot be acquired by a contractor for the erection of a gas plant, for the assignment of patent rights which are not included in the use of the appliances which the contractor was required to furnish.

ASSIGNMENT: *Waiver.* Though Acts Sixteenth General Assembly, chapter 100, section 13, provides that mechanics' liens are assignable, and follow the assignment of the debt, a person entitled to such a lien may waive it, and may also assign the debt without the lien.

BLENDING ACCOUNTS. Where in a mechanic's lien account, the value of items for which the law gave no lien was not stated, and they were blended with lienable items, the entire lien is defeated.

*Appeal from Appanoose District Court.*—HON. T. M. FEE, Judge.

WEDNESDAY, APRIL 6, 1898.

ACTION in equity to recover an amount alleged to be due, and to establish and enforce a mechanic's lien. There was a hearing on the merits, and a decree for the plaintiff. The defendants appeal. —*Reversed.*

*Baker & Moore*, for appellants.

*Valentine & Valentine*, for appellee.

ROBINSON, J.—In November, 1893, the defendant the Centerville Light, Heat & Power Company was engaged at Centerville in manufacturing water gas by what was known as the "Loomis Process." The gas so manufactured was not satisfactory, and one Joseph Askins submitted to the company a proposition in writing to so change and add to its appliances for making gas as to convert the system from the Loomis to the Askins process. The proposition included a guaranty as to daily capacity, and the quality and quantity of gas which should be made from a specified quantity of hard coal, or hard coke and crude oil, and also included the following: "I further agree to furnish a man to operate the plant for thirty days for the purpose of testing the efficiency of the plant and to instruct the superintendent in its operations, and at the end of thirty days, if the plant has proved to carry out my guarantee, the plant is then to be accepted. * * * I further agree to assign to the Centerville Light, Heat & Power Company the exclusive use of all my patents pertaining to the manufacture of gas in and to the city or town of Centerville, Iowa." In consideration of what was to be furnished and done by Askins, the company was to pay him one thousand dollars when the plant should be accepted, and give its two promissory notes for seven hundred dollars each, one of which was to be payable in six months and the other in one year. The proposition was accepted, and Askins performed his part of the agreement thus made. After that had been done, the two notes provided for in the contract were delivered to Askins, but the payment of the one thousand dollars was not made. Askins prepared and verified a statement for a mechanic's lien upon the property improved,

for the sum of two thousand, four hundred dollars. The statement was verified on the nineteenth day of January, 1894, but was not filed with the clerk of the district court of Appanoose county until the thirtieth day of October of the same year. On the day of its date, however, Askins, for the sum of one thousand dollars, transferred his claim for a lien by an indorsement on the statement, in form as follows: "For value received, I hereby assign the within mechanic's lien to R. I. Peatman, and authorize him to cancel the same when paid. January 19, 1894. Joseph Askins." This action is brought to recover of the company one thousand dollars, with interest, and to establish therefor a mechanic's lien. The defendant D. C. Campbell was the owner of a judgment against his co-defendant, the company, for twenty-one thousand, three hundred and ninety-eight dollars and sixty-two cents, besides attorney's fees and costs. An execution was issued for the satisfaction of the judgment, and the property in question was sold thereunder to Campbell. The district court rendered a decree in favor of the plaintiff for the amount he asked, and for a lien therefor, and adjudged the lien so established to be senior to that of Campbell. The defendants appeal from so much of the decree as establishes a mechanic's lien, and Campbell further appeals from that part of the decree which makes his lien inferior to that established in favor of the plaintiff.

I.   The appellants contend that the plaintiff is not entitled to a mechanic's lien, because it had not been perfected by the filing of a statement, as required by law, when Askins transferred the claim in suit to him. The right of the plaintiff to a lien is controlled by chapter 100 of the Acts of the Sixteenth General Assembly. Section 6 of that act contains the following: "Every person, whether contractor or sub-contractor, who wishes to avail himself of the

provisions of this statute, shall file with the clerk of the district court of the county in which the building, erection, or other improvement to be charged with the lien is situated, a just and true statement or account of the demand due him * * * and verified by affidavit. Such verified statement or account must be filed by a principal contractor, within ninety days, and by a subcontractor within thirty days from the date on which the last of the material shall have been furnished, or the last of the labor was performed. But a failure or omission to file the same within the periods last aforesaid, shall not defeat the lien, except against purchasers or incumbrancers in good faith without notice, whose rights accrued after the thirty or ninety days, as the case may be, and before any claim for the lien was filed." Mechanic's liens are assignable, and follow the assignment of the debt. Idem, section 13. But it is said that the filing of the statutory statement is essential to the creation of the lien, and that an assignment of the debt before the statement is filed will not transfer the lien. The statute does not, however, make the filing of the statement essential, under section 6, to the creation of a lien, but only to preserve it against purchasers or incumbrancers in good faith without notice, whose rights accrue after the expiration of the time fixed for filing the statement. *Lee v. Hoyt*, 101 Iowa, 101; *Lumber Co., v. Bownan*, 77 Iowa, 706; *Chicago Lumber Co. v. Des Moines Driving Park*, 97 Iowa, 25. Section 1851 of the Revision of 1860, as amended by chapter 111 of the Acts of the Regular Session of the Ninth General Assembly, contained a provision in regard to the filing of the statement to charge subsequent purchasers and incumbrancers, substantially like the one under consideration. That provision was considered in *Neilson, Benton & O'Donnel v. Iowa E. R. Co.*, 51 Iowa, 184, and held, in effect, not to require the

filing of the statement in order to perfect the lien as against the owner. The case of *Bissell v. Lewis*, 56 Iowa, 231, arose under the statute we are now considering, and it was there said: "It is quite clear it is not essential, to the establishment of the lien under consideration, that any lien statement should have been filed in the clerk's office." In our opinion, the filing of the statement was not essential to the existence of the lien in question. That was created by the furnishing of the labor and material, as provided in the contract, and Askins was entitled to a lien before he assigned the debt upon which this action is founded. Therefore, the assignment of the debt and the indorsement upon the statement for a lien had the effect to transfer the lien to the plaintiff. The statement was prepared and verified by Askins, and by him delivered to his agent for filing, but for some unexplained reason was not filed until the last of October, as stated. Campbell is not a subsequent incumbrancer in good faith, for the reason that the judgment through which he claims was not rendered until the seventeenth of September, 1895, nearly a year after the statement was filed.

It is said, however, that this court has decided that, until the statement for a lien is filed, the lien is not so far completed as to be assignable, and language was used in the opinion in *Merchant v. Water Power Co.*, 54 Iowa, 451, which affords some ground for that claim. But a careful examination of the case shows that the language of that character used was not essential to the decision of the questions presented. It appears that in that case an order was issued by the owner to the contractors in November, 1875, in part payment of the contract price, before the contract was completed, and before the contractor had become entitled to a lien. In April, 1876, the order was assigned to Merchant, but the contract was not completed until

January, 1877. It does not appear that the contractors ever claimed a lien, or that they attempted to assign any interest in one. Merchant recovered judgment on the order against the owner, in February, 1877. Ten months later he filed a statement for a lien and then commenced an action to enforce the lien claimed, as against an incumbrancer whose rights accrued December 1, 1876. It is clear, under the facts stated, that the parties to the assignment of the order did not intend to transfer any interest in a mechanic's lien by the assignment, and that the case was rightly decided, but it cannot be regarded as an authority in this case. It should also be observed that the court expressly stated that the provision of chapter 100 of the Acts of the Sixteenth General Assembly, which makes the lien follow the assignment of the debt, was not in force when the assignment there in question was made. The case of *Brown v. Smith*, 55 Iowa, 31, involved the right of the assignee of a time check to file a statement for, and to enforce, a mechanic's lien. The time check was issued to an employe of a subcontractor, who, so far as is shown, did not claim a lien. The facts are unlike those involved in this case. The opinion is brief, and is made to depend in part upon the case of *Bank v. Day*, 52 Iowa, 680, which did not arise under the provisions of law in regard to the assignment of a lien which apply here, and also, in part, upon the *Merchant Case*. The case of *Laugan v. Sankey*, 55 Iowa, 52, is similar in principal to that of *Brown v. Smith*, and followed that and the *Merchant Case*. In each of the cases decided by this court upon which the appellant relies, the controlling facts and the statutory provisions involved were so unlike those which are material in this case that the cases cannot fairly be regarded as in conflict with the conclusion we reach in this case. Although the statute provides that "mechanics' liens are assignable, and

shall follow the assignment of the debt," yet a person entitled to such a lien may waive it, and may also assign the debt without the lien.  But in this case the parties to the assignment intended to preserve the lien, and to assign it with the debt, and what they did for that purpose would have been effectual, had the assignor been entitled to a lien.  This conclusion is required by the plain provisions of the statute, as applied to the facts of this case, and by the cases of *Neilson, Benton & O'Donnel v. Iowa E. R. Co.*, and *Bissell v. Lewis, supra*.  We do not find it necessary to determine whether, in case the filing of a statement is required to preserve the lien, as against other persons than the owner, the statement may be prepared and filed by the assignee.

II.  It is claimed that the plaintiff is not entitled to a lien for his claim, because the contract on which it was based required Askins to furnish a man to operate the plant for thirty days, and to assign to the company the exclusive use of certain patents, and that a lien for such items cannot be allowed.  A mechanic's lien may be acquired by any mechanic or other person "who shall do any labor upon, or furnish any materials, machinery, or fixtures, for any building, erection or other improvement upon land.  *  *  *"  Under this provision a lien could have been obtained for the labor of a man to operate the plant for thirty days, in order to test the machinery and cause it to meet the requirements of the guaranty; but the contractor was not entitled to a lien for services rendered to instruct the superintendent, nor for the assignment of patent rights which were not included in the use of the appliances which the contractor was required to furnish.  The contract required the payment of the sum of two thousand, four hundred dollars for the labor and appliances

furnished, and also for the instruction given the superintendent, and the right to use the patents described. That right is not shown to be included in the right to use the appliances furnished. It must be presumed that the instruction given, and the right to use the patents, which were to be assigned, were of substantial value; but we are without means of ascertaining what it was, and therefore cannot determine the amount for which a lien might properly be established. , The effect of this is to prevent the establishment of a lien for any part of the plaintiff's claim. See *Morrison v. Minot*, 5 Allen, 403; *McMaster v. Merrick*, 41 Mich. 503, (2 N. W. Rep. 895); *Dennis v. Smith*, 38 Minn. 494 (38 N. W. Rep. 695). We conclude that the district court erred in establishing a lien in favor of the plaintiff, and its decree is REVERSED.