RINZEL, Respondent, vs. STUMPF and another, imp., Appellants.

*December 18, 1902—January 13, 1903.*

*Mechanics' liens: Fixtures: Confusion of lienable and non-lienable articles: Entire contract.*

1. The Wisconsin doctrine as to fixtures is: First, actual physical annexation to the realty; second, application or adaptation to the use or purpose to which the realty is devoted, and third, which is the principal consideration, the intention on the part of the person making the annexation to make a permanent accession to the freehold.

2. Sec. 3314, Stats. 1898, provides that any person who furnishes
   materials or performs labor "for or in or about the erection,
   construction, repair, protection or removal" of any building.
   shall have a lien therefor; and sec. 3315 gives such lien to a
   subcontractor on his complying with certain enumerated re-
   quirements. *Held*, that shelving of different lengths and widths,
   placed in the owner's building, by his order, so as to conform
   to the inside contour of the store, and toe-nailed to the walls
   and floor so as to make them stationary and permanent, suf-
   ficiently complies with the rule as to fixtures and supports a:
   claim for a subcontractor's lien therefor.
3. Under said secs. 3314, 3315, tables placed in the store building
   for use in the prosecution of the business there to be carried on,
   but having no connection with or attachment to the building, do-
   not become fixtures, so as to support a mechanic's lien.
4. Where lienable and non-lienable demands are charged in the-
   same account, and there is no evidence indicating their respec-
   tive values, the claim for lien cannot be supported under the-
   rule that if the lienable articles can be readily ascertained from
   the account without a restatement thereof, the right to a lien-
   is not impaired.
5. Where a material man makes an entire contract to furnish:
   thereunder for a fixed sum lienable and non-lienable articles,
   a case is presented where the articles cannot be separated or-
   apportioned so as to sustain a lien, and the claimant is not
   entitled thereto.

APPEAL from a judgment of the circuit court for Milwau-
kee county: LAWRENCE W. HALSEY, Circuit Judge. *Re-
versed.*

On September 22, 1899, the defendants Stumpf & Lang-
hoff entered into a contract with the defendant F. K. Markle
Company, a corporation, to erect and construct for them cer-
tain shelving, counters, and tables, and place them in a build-
ing then being constructed for them on their premises, in the
city of Milwaukee, for the sum of $1,678.50. Thereafter the-
Markle Company let the contract to the plaintiff, as subcon-
tractor, to do a part of said work, and to manufacture said'
shelving, counters, and tables, for the lump sum of $867.
During the progress of said work the plaintiff did extra work
for said F. K. Markle Company amounting to $17.80. Prior
to the commencement of this action said company paid plaint-

iff the sum of $500 on account. The court found that the plaintiff furnished the materials mentioned, which were placed in a building owned by Stumpf & Langhoff, and that the latter intended the same for their permanent and special use therein; that the articles so furnished were essential to the use for which they used the building; that they were specially adapted to the place where used; and that plaintiff had a mechanic's lien therefor. The court further found the giving of notice and the filing of a lien, and gave judgment for plaintiff for the entire amount claimed. The defendants Stumpf & Langhoff took issue with the material matters alleged in the complaint, and filed exceptions to the findings made. They also requested the court to make findings substantially to the effect that plaintiff's contract was an entire contract, for a lump sum; that it was not said defendants' purpose to make such shelving a permanent erection or addition to the freehold; that such shelving was but slightly attached to the building, and the tables were none of them attached to the building, except that two were glued around a center post. Due exceptions to the court's refusal to find were taken. Judgment in plaintiff's favor was duly entered, from which Stumpf & Langhoff take this appeal.

For the appellants there was a brief by *Doerfler, McElroy & Eschweiler,* and oral argument by *F. C. Eschweiler.*

For the respondent there was a brief by *Rogers & Mann,* and oral argument by *C. D. Mann.*

BARDEEN, J. The principal question to be determined on this appeal is whether the plaintiff is entitled to a mechanic's lien under the circumstances set out in the statement. Plaintiff was a subcontractor, and agreed with the principal contractor to furnish certain shelving and counters or tables which were placed in the appellants' building. His accepted proposition was to furnish the materials he did furnish for a

lump sum of $867. The defendants' contention is that none of said articles were of such a character as to give plaintiff a lien therefor. Sec. 3314, Stats. 1898, so far as is necessary to this discussion, provides that every person who performs any work or labor or furnishes any materials "for or in or about the erection, construction, repair, protection or removal" of any building shall have a lien therefor upon compliance with certain specified conditions. Sec. 3315 gives a subcontractor a lien upon giving notice, etc. These statutes have received a somewhat liberal construction in the interest of lien claimants. See *North v. La Flesh*, 73 Wis. 520, 41 N. W. 633. But all of the cases brought to our attention go upon the theory that the work done and materials furnished must enter into the "erection, construction, repair," etc., of the building upon which the lien is claimed. In other words, materials furnished and work done must become a part of the building, as between the parties, on the theory of becoming fixtures. This is the argument of respondent, and his brief is devoted to cases illustrative of the law of fixtures. What was said on the subject of fixtures in *Taylor v. Collins*, 51 Wis. 123, 8 N. W. 22, and approved in subsequent cases, establishes the law of fixtures as administered in this state. We restate the doctrine as follows. To become fixtures, there must be:

"First, actual physical annexation to the realty; second, application or adaptation to the use or purpose to which the realty is devoted; third, an intention on the part of the person making the annexation to make a permanent accession to the freehold."

To this may be added the proposition stated in *Homestead L. Co. v. Becker*, 96 Wis. 206, 71 N. W. 117, that "the matter of intention of the parties is held to be the principal consideration." This question of intention is chiefly important in contests between the grantee of the freehold and mortgage or lien claimants. In the case at bar the facts are but little in dispute. The appellants, who were owners of the building, and fitting it up for use as a clothing store, contracted for the

necessary shelving and counters or tables. The shelving was of different lengths and widths, and made to conform to the contour of the inside of the store. It was attached to the building by being toe-nailed to the walls and floor so as to make it stationary and permanent. It is probably true that it could have been removed without any serious injury to the building, but still we have actual, physical annexation, adaptation to the use of the building, and probable intent on the part of the owners to make the annexation permanent. The appellants argue that there is no evidence to support this last contention, but we think it follows as a just inference from all the circumstances in the case. We can readily agree with so much of the conclusion of the trial court as finds the shelving a part of the freehold. As to the tables mentioned, a different question arises. The evidence shows that twenty-four tables were furnished, all but two of them having no connection or attachment to the freehold. The element of attachment or annexation to the freehold in some way is one that cannot be ignored. In none of the cases called to our attention has it been held that mere loose, movable tables or floor furniture are fixtures. There must be actual annexation, or something which the law considers equivalent to it, to make an article a fixture. Nothing of that kind appears in this case. The appellants admit that the two tables glued around the post became a part of the realty. We hold, therefore, that twenty-two of the tables were not lienable.

It is suggested that, inasmuch as $500 has been paid on the contract, the court can still support the lien, on the view suggested in *North v. La Flesh,* 73 Wis. 520, 41 N. W. 633,—that where lienable and nonlienable articles are charged in one account, and the value of the lienable articles can be readily ascertained from the account without a restatement thereof, the right to a lien is not impaired. The trouble here is that there is no evidence presented in the bill of exceptions which enables us to fix the price of the tables or the

shelving. The bid of plaintiff was to do the work for a lump sum; hence, it not appearing how much the lienable and non-lienable articles were to cost, the judgment cannot stand.

But in this connection the further question is raised that the contract between plaintiff and the Markle Company being entire, and for a lump sum for lienable and nonlienable articles, the plaintiff has waived his lien, and cannot enforce any claim against appellants. This question has never been definitely determined in this state, although some features of it were discussed in *North v. La Flesh, supra*. The following language from *McMaster v. Merrick,* 41 Mich. 505, 2 N. W. 895, was quoted:

"It is also settled that one of the plainest cases of waiver is where privileged and unprivileged claims are mingled together in the same dealings, so that the lien is not kept ascertainable without restating and charging the accounts."

The court said, in substance, that they had no quarrel with this proposition, and that in a similar case would rule the same way. But the *North Case* was distinguished from the Michigan case on the ground that in the former case the lienable items in the account could be ascertained without restating the account. In a case very similar to the *North Case* the supreme court of Oregon used this language:

"Had the claim contained a lumping charge of the amount demanded, and there were no means of ascertaining from the notice itself the quantity and value of the lumber used in building the sidewalk, the lien would be defeated, . . . for a court cannot, from oral evidence, separate items for which a lien is given from those for which no lien can be acquired." *Harrisburg L. Co. v. Washburn,* 29 Org. 150, 44 Pac. 390.

In a later case the same court said:

"The rule seems to be that when lienable and nonlienable items are included in one contract for a specific sum, or are made the basis of a lumping charge, so that it cannot be perceived from the contract or account what proportion is charge-

able to each, the benefit of the mechanic's lien law is lost. In such case the court cannot, by extrinsic evidence, apportion the amounts of the entire charge or contract price between the lienable and nonlienable items." *Allen v. Elwert*, 29 Oreg. 428, 44 Pac. 823, 48 Pac. 54.

The syllabus to *Edgar v. Salisbury*, 17 Mo. 271, is in part as follows:

"When a demand is filed by a person seeking to avail himself of the act giving a mechanic's lien, services for which he might have had a lien are combined with other charges for which no lien is given, and the whole summed up in one item, so that it is impossible to ascertain from the account filed how much of the gross charge is a lien, the party will lose the whole benefit of the act."

This case was followed in *O'Connor v. C. R. R. Co.* 111 Mo. 185, 20 S. W. 16. See *Sweem v. A., T. & S. F. R. Co.* 85 Mo. App. 95; *Schulenburg v. Robison*, 5 Mo. App. 561; *Johnson v. Barnes & M. B. Co.* 23 Mo. App. 546. Another case uses this language:

"It is the inseparable blending of items for which the law gives no lien, because they are not lienable in their nature, with lienable items, which defeats the entire lien claim, and not the blending of lienable items, some of which remain unproved, or unproved to their full extent." *Schulenburg & B. L. Co. v. Strimple*, 33 Mo. App. 154.

The supreme court of Maine say that, where a laborer claiming a mechanic's lien has so intermingled his lien claim with non-lien items that the exact amount for which he is entitled to a lien cannot be ascertained, the whole lien must fail. *Baker v. Fessenden*, 71 Me. 292. See *Kelley v. Kelley*, 77 Me. 135. In a case in Illinois the contract with the lien claimants required the other party to pay a given sum for the entire labor agreed to be performed, only part of which was lienable. The court held the contract entire, and that a lien could not be enforced, for the reason that the statute only gave a lien for a part of the work, and the contract, being entire,

could not be apportioned, and the performance of it enforced in fragments. *Adler v. World's P. E. Co.* 126 Ill. 373, 18 N. E. 809. In *Morrison v. Minot,* 5 Allen, 403, the plaintiffs stipulated to do certain work and furnish certain materials for a building for a lump sum. The court said:

"The debt due them was for an entire sum, on the completion of their contract. That contract included materials for which there never was any lien, and it was an entire contract."

For these reasons the court held the plaintiffs could not maintain their suit. This case was followed in *Graves v. Bemis,* 8 Allen, 573, and in *Peatman v. Centerville L. H. & P. Co.* 105 Iowa, 1, 74 N. W. 689. Other cases along the same line might be cited, but enough have been referred to to show that a lien claimant circumstanced as the plaintiff has shown himself to be is not entitled to a lien. His contract is an entire one, for a fixed sum, and cannot be separated or apportioned so as to sustain a lien, even if a new trial were had.

*By the Court.*—Judgment as against the appellants is reversed, and the cause is remanded, with directions to enter judgment in their favor, dismissing the action.