E. M. Fish Company, Appellant, vs. Young and others,
Respondents.

Same, Respondent, vs. Same, Appellants.

*January 12—January 30, 1906.*

*Appeal and error: Findings when disturbed: Mechanics' liens: Fix-
tures: Window screens: "Appurtenances:" Pleading: Defense in
abatement: Waiver: Costs: Taxation: Findings: "Necessary
papers."*

1. Where the conclusion reached by the trial court is not against
   the weight of the evidence the judgment will be affirmed.
2. Physical annexation, although always an important consideration,
   is not the sole or controlling test in determining the question of
   fixture or no fixture.  The question of the intention of the party
   making the annexation is the principal consideration.
3. Where the owner of a house orders window screens to be manu-
   factured and fitted to his house, though detachable for con-
   venience during the winter months, the intention is unquestion-
   ably to permanently increase the comfort of the house and its
   desirability for residence purposes, and, under subd. 1, sec.
   3314, Stats. 1898 (giving a lien for material and labor furnished
   for or in or about the erection, construction, or repair of any
   dwelling house, building, or appurtenance), such screens are
   clearly included within the term "appurtenance."
4. A defense of another action pending is a defense in abatement,
   which must be pleaded with particularity, and if not pleaded is
   waived.
5. Findings which upon vital points fail to conform to the direction
   and decision of the trial court are not "necessary" papers or pro-
   ceedings in a cause, and charges therefor in a bill of costs pre-
   sented for taxation should be entirely disallowed.

Appeals from a judgment of the circuit court for Eau
Claire county: James O'Neill, Circuit Judge.  *Modified
and affirmed.*

For the plaintiff there were briefs by *Wickham & Farr,*
and oral argument by *F. R. Farr.*

For the defendants the cause was submitted on the briefs
of *Bundy & Wilcox.*

WINSLOW, J.   This is an action to foreclose a mechanic's lien for repairing and rebuilding a dwelling house.   The court adjudged a lien for $39.50, with interest and costs, and both parties appeal.

Upon the plaintiff's appeal the contention is that the judgment should have been entered for $175.69, and this question will first be considered.   It appears that prior to January 14, 1902, the defendant *Young's* house had been partially destroyed by fire and that *Young* made an oral agreement with the plaintiff to make the necessary repairs as cheap as any other contractor, the defendant to furnish such material as he could.   Under this arrangement the plaintiff went to work about the 14th of January, 1902, and ceased to work March 22d following.   *Young* made payments on the account from time to time, among which payments was a carload of lumber, which was credited to him by plaintiff April 19, 1902, at $157.19, but which afterwards turned out to be not the property of *Young*.   On May 16th following the parties met and *Young* turned over to plaintiff a due bill for $22.69, payable in lumber, and sufficient cash to amount to $75 in all, and the plaintiff gave him a receipt "to balance account to date."   Shortly after this transaction *Young* ordered of the plaintiff screens for the windows and doors of the house, and the plaintiff manufactured them and placed them upon the windows and doors of the house May 31st, attaching them with buttons, and also repaired some old screens for the house; the total value of labor and materials in connection with the screens being $39.50, and the work being finished June 7th.   This action was commenced May 30, 1903.   The plaintiff claims that the furnishing of the screens was a part of the original contract, and, as it was afterwards obliged to pay the true owner of the carload of lumber therefor, it sought to enforce a lien in this action for the amount which it was obliged to pay the true owner for the carload of lumber and for the bill for screens as for a single continuous bill.   The

court found, however, that the original contract of repairing was completed March 22, 1902, and that the contract for the screens was a separate and independent contract. Such being the finding, and this action not having been commenced until May 30th in the following year, the court held that there could be no lien for the work on the original contract because the action was not commenced within one year from the last charge for the performance of work (Stats. 1898, sec. 3318), and only adjudged a lien for the furnishing of the screens. This was purely a question of fact upon the evidence. We cannot say that the conclusion reached by the court is against the weight of the evidence, and hence the plaintiff's contention must fail.

Upon the defendant's appeal three contentions are made, which will be briefly considered.

1. It is claimed that the window and door screens were not so attached to the house as to become fixtures, and hence that no lien upon the house can be adjudged for them. This contention cannot prevail. The screens were manufactured specially for and fitted to the house, were adapted to its permanent enjoyment and placed there by the owner. It is true that (according to the findings) they were not physically attached or screwed on, but were simply fastened by buttons (although it is not quite clear how doors could be so attached and serve any useful purpose). Physical annexation, however, although always an important consideration, is not the sole test nor by any means the controlling test in determining the question of fixture or no fixture. The question of the intention of the party making the annexation is the principal consideration. *Rinzel v. Stumpf,* 116 Wis. 287, 93 N. W. 36. When the owner of a house orders screens to be manufactured and fitted to his house there can be no serious doubt as to his intention. Though detachable for convenience during the winter months, the intention is unquestionably to permanently increase the comfort of the house and its desira-

bility for residence purposes. The great majority of houses now built are provided with detachable fly screens manufactured for and specially fitted to the house by the owner and intended to be used thereon during the summer season, and it would be a strange doctrine which should hold that when such a house is sold the screens do not pass with the house as a part of the realty, but may be taken away by the vendor unless specially transferred to the vendee. Our statute gives a lien for materials and labor furnished "for or in or about" the erection, construction, repair . . . of any dwelling house, building or appurtenance thereto" (Stats. 1898, sec. 3314, subd. 1), and we think that screens manufactured for and fitted to the house as in the case at bar are part of the house and clearly included within the term "appurtenance," although they are detachable without injury to the house.

2. It appeared that another lien action was commenced shortly before the present action, and the claim is made that this action should have been dismissed because there was another action pending to which the plaintiff should, by application to the court, have become a party, for the reason that it is the legislative intent that but one action should be maintained for the foreclosure of mechanics' liens upon the same property in which all the lien claimants should litigate and enforce their claims. Stats. 1898, sec. 3321. Were the question really here for decision it would deserve serious consideration, but the difficulty is that this defense was not pleaded. The defense of another action pending is a defense in abatement, which must be pleaded with particularity, and if not pleaded it is waived. *Winner v. Kuehn,* 97 Wis. 394, 72 N. W. 227.

3. The trial court filed a short opinion in deciding the case, and directed the plaintiff's attorneys to draw findings. Thereupon the attorneys drew findings which were signed by the judge, but which did not accord with the decision in two vital points, and did not sustain the judgment for that reason.

Thereafter, upon motion of the defendants' attorney, the findings were corrected so as to accord with the decision of the court. The plaintiff was allowed to recover costs for drawing these findings, and error is now claimed upon this ruling. It has been decided that a party may tax for the drawing of findings when directed so to do by the trial judge. *Hill v. Durand,* 58 Wis. 160, 15 N. W. 390. While the practice is allowable it is not commendable, and the present case amply illustrates the danger. The statute requires the decision to be in writing in an action tried by the court, and directs that "the judge shall state in his decision separately (1) the facts found by him and (2) his conclusions of law thereon." Thus the responsibility for the correctness of the findings is thrown upon the judge, and he cannot shirk it. *Harrigan v. Gilchrist,* 121 Wis. 127, 396, 99 N. W. 909. If he does not draw them himself (and no good reason is perceived why he should not do so, except in case of a press of judicial business which deprives him of the necessary time), he should clearly inform counsel of the conclusions of fact and law which he has reached and should carefully examine the findings to see if they agree with such conclusions before signing them. On the other hand, the attorney who is directed to draw the findings should see to it that they are drawn precisely as directed. Any other course will naturally result in partisan and inaccurate findings not representing the real decision and perhaps not sustaining the judgment. That was the case here, and the question is whether costs should be allowed for the drawing of such findings. This question must be answered in the negative. Findings which upon vital points fail to conform to the direction and decision of the trial court are not "necessary" papers or proceedings in a cause; on the contrary, they are, in the highest degree, unnecessary and improper. The charge allowed for drawing the findings and copies in this case was $14.70, and it should have been entirely disallowed.

Upon the defendants' appeal the judgment must be modi-

fied so as to allow only $103.56 costs, and, as so modified, the judgment must be affirmed on both appeals: no costs to be recovered by either party, except that the fees of the clerk of this court shall be taxed against the plaintiff.

*By the Court.*—It is so ordered.