BROBST and others, Appellants, vs. MARTY and another, Respondents.

*January 12—February 1, 1916.*

*Partition of personal property of unincorporated association: Building erected on land given with provision for a reverter: Fixtures.*

1. Where a voluntary, unincorporated association, organized to build a cheese factory and to make and sell cheese and butter, built such a factory upon land which was given to it for that purpose but was to revert to the donors in case the building so placed thereon should cease to be used for such purpose, the members of the association were owners of such building as tenants in common and, in the absence of any agreement to continue the business for any specified length of time, a part of such owners might maintain an action under sec. 2327a, Stats., for a division of the property.

2. If the association took possession of the land under an oral contract of gift which was void under the statute of frauds and such contract became validated by performance, the rights of the association must be measured by such contract.

3. A finding by the trial court that the cheese factory, though built upon a solid stone foundation, was personal property which would not revert to the original owners of the land, is *held* to be supported by the evidence.

4. While physical annexation is an important consideration in determining whether an article or building is a fixture, the intention of the parties is the controlling consideration.

APPEAL from a judgment of the circuit court for Green county: GEORGE GRIMM, Circuit Judge.    *Reversed.*

This action was brought to secure partition of personal property, or a sale thereof in case it could not be partitioned to advantage. The court found as facts that the plaintiffs and certain others in February, 1898, organized a voluntary unincorporated association for the purpose of building a cheese factory and of manufacturing and selling cheese and butter, such association to be named the Spring Creek Cheese Manufacturing Company; that it was understood by the parties that their interests should be known and designated by shares of stock and that each of such shares should be in the sum of $25, and that the number of shares originally subscribed for was twenty-three, and that thereafter some changes in ownership took place and that four additional shares were sold; that at the time of the organization it was intended that the same should be incorporated, but such intention was never carried into effect; that about the time of the organization one Stabler agreed to give to the company one quarter of an acre of land and one Brobst a like quantity, upon the condition that the same should be used by said company as long as it was used for cheese or butter making purposes; that it was the intention of said donors and it was understood and agreed between them and the organizers of the company that in the event that said company or its assigns should cease to use the lands for such purposes the same should revert to the donors; that such agreement was verbal on the part of Stabler and as to Brobst was in writing, but that said written agreement has been lost; that thereafter the company entered into possession of the land donated and erected valuable improvements thereon, consisting of a cheese factory, cellar, well, and barn, and graded a driveway from the highway to the cheese factory, and that they expended in all about the sum of $1,200; that part of such factory is built on the land donated by Stabler and part on the land donated by Brobst; that the buildings were and are built on a solid stone foundation embedded in the soil and that a cheese cellar was excavated under a part of the factory building, and that the walls and floors thereof

are of stone, mortar, and cement; that said association has by itself and its tenants been in the constant possession, use, and occupation of the premises, which have been continuously used and are now being used for the purpose of manufacturing cheese; that the agreement between Stabler and Brobst and said association respecting the giving of said lands for factory purposes has been fully executed; that the company at no time, by resolution or otherwise, determined to discontinue the use of said premises for the purposes stated, and that the proceeds arising from the rents and profits of said cheese factory premises have been divided among the shareholders of said company; that at the time of the organization of said company no agreement was entered into as to the length of time that said business enterprise should continue, and that the business policy of the company has always been determined by a majority vote of the stock of the company.

As conclusions of law the court found that the agreement with Stabler and Brobst, in so far as it has been performed, is valid; that the erection of the buildings referred to is such a performance of the agreement as to take the same out of the statute of frauds; that the plaintiffs and defendants are the owners of an estate upon condition subsequent of the premises agreed to be given to said company, and that the parties to said association are entitled to the use of said premises so long as the same shall be used for cheese or butter making purposes, and that upon cessation of such use the same is to revert to the donors or their heirs; that all of the buildings upon said premises are personal property, and that upon the reversion of said premises such buildings may be removed therefrom; that the plaintiffs were not at the time of the commencement of this action and they are not at the present time the owners of such vested interests in the premises as to entitle them to partition of same; that said premises are not subject to partition and that the same will not be subject to par-

tition until after the cessation of the use of the same for cheese manufacturing or butter making purposes; that plaintiffs were not at the commencement of this action and they are not at the present time the owners of such vested interests in said buildings as to entitle them to partition of the same, and that said buildings will not be subject to partition until the reversion of said real estate upon the cessation of the use of same for the purposes of manufacturing cheese and butter. Upon these findings and conclusions judgment was entered dismissing the complaint.

The plaintiffs own fifteen of the twenty-seven so-called shares of stock and the defendants twelve of such shares. The donors of the real estate referred to are not parties to the action. No claim was made in the complaint by the plaintiffs to any interest in the real estate upon which the cheese factory was built, and the relief sought was for a partition of the factory building, or for sale thereof and a distribution of the proceeds in case partition could not be made without great prejudice to the owners, as well as for such other relief as might be agreeable to equity and good conscience.

For the appellants the cause was submitted on the brief of *J. L. Sherron.*

*E. D. McGowan,* for the respondents.

BARNES, J. On the findings of fact made the plaintiffs were entitled to judgment. The owners of fifteen of the twenty-seven so-called shares of stock are plaintiffs. Plaintiffs also include four of the six owners of this stock. There was no agreement to continue the business for any specified length of time, and in fact it has been continued since 1898. No equitable consideration has been suggested which would justify the refusal of relief. The building cannot be partitioned and must therefore be sold. It does not follow that the purchaser will not continue to put it to the uses to which it

has been devoted in the past.    If there is any demand for
such an establishment in the community, it is worth more
for the use to which it has been put than it would be for pur-
poses of removal.    The plaintiffs and defendants are owners
of the building as tenants in common.    *Higgins v. Riddell,*
12 Wis. 586.    The proceeding is authorized under sec.
2327a, Stats.    A sale is authorized under sec. 2327b where
the property involved is not susceptible of division.

The court found that under the parol agreement in refer-
ence to the land such land was to revert to the owners when
the building placed thereon was no longer used as a cheese
factory.    This finding is certainly sustained by the evidence.
It may be that the association took possession of the land
under a void contract and that such contract has been vali-
dated by performance.    If such is the case, the rights of the
association must be measured by such contract.    There is no
showing whatever that the association in any manner se-
cured any greater rights.

Neither can it be held on the evidence that the building is
a fixture which is the property of the owners of the land on
which it stands and therefore no right of removal exists.
While physical annexation is an important consideration in
determining whether an article or building is a fixture, the
intention of the parties is the controlling consideration in de-
termining the question.    *Rinzel v. Stumpf,* 116 Wis. 287,
93 N. W. 36; *E. M. Fish Co. v. Young,* 127 Wis. 149, 106
N. W. 795; *Baringer v. Evenson,* 127 Wis. 36, 106 N. W.
801.    Here the court found on sufficient evidence that there
was no intention that the building should be regarded as a
fixture.    The building was in possession of the owners
through their tenant, and the court properly held that under
the facts it did not originally belong to the landowners nor
revert to them thereafter.

*By the Court.*—Judgment reversed, and cause remanded
with directions to enter judgment as prayed for in the com-
plaint.