SPAHN & ROSE LUMBER COMPANY, Appellant, v. L. W. EELLS et al., Appellees.

**MECHANICS' LIENS:** Right to Lien—Full Settlement and Discharge. A subcontractor who knows that the property owner has, in good faith,

settled with and discharged the principal contractor may not there-
after furnish the said contractor with materials and base a right
thereon.

*Appeal from Story District Court.*—H. E. FRY, Judge.

•

MARCH 13, 1923.

ACTION by a subcontractor, to foreclose a mechanics' lien
for material furnished to the principal contractor. Defendants
deny that the lien was filed within statutory time, and plead a
full settlement with the principal contractor, and knowledge
thereof by the plaintiff before said lien was filed. They also
contend that the last item furnished by plaintiff was not fur-
nished in good faith, but for the sole purpose of attempting to
secure a lien. The trial court entered a decree for the defend-
ants, and plaintiff appeals.—*Affirmed.*

*Lee & Garfield,* for appellant.

*C. H. Pasley,* for appellees.

FAVILLE, J.—I. The appellees are husband and wife, and
are joint owners of certain real estate in the city of Ames. The
matters involved in this controversy were conducted almost
wholly by the husband, L. W. Eells, to whom we refer as though
he were the sole appellee.

During the first week of September, 1921, appellee em-
ployed one Halbasch to construct a dwelling house upon ap-
pellee's said premises. The contract was oral, and the price
agreed upon was $3,900. It was the agreement of the parties
at the time that Halbasch was to complete said house, including
screens for the doors and windows, for the contract price. Be-
fore entering into said contract with Halbasch, the appellee con-
sulted with the managing officer of the appellant, in the city
of Ames, in regard to the said Halbasch, and was informed that
he was responsible. Appellee knew that the principal con-
tractor, Halbasch, was purchasing the material for the con-
struction of said house from the appellant, and during the prog-

ress of the work had various conversations with the officers of the appellant with regard to the material that was being furnished, and made different payments on the contract direct to the appellant. The house was completed on or about the 3d of December, 1921, with the exception of the screens. It seems that the house was being constructed for occupancy by the son of the appellee, who went into possession at said time. It is the contention of the appellee that, on or about the said 3d day of December, he had a full and complete settlement with the principal contractor, Halbasch, and at said time paid him the full amount due on the contract. He claims that at said time he deducted $60 from the contract price, as the cost for making the screens, and settled in full with Halbasch upon that basis. It is likewise the contention of the appellee that, on December 4th, he notified the appellant that full settlement had been made with Halbasch.

On or about the 30th of January, 1922, appellant mailed a printed ''form letter'' to appellee, advising him that the auditor of appellant would be at Ames from January 31st to February 2d, and asking appellee to meet said auditor. On February 13, 1922, another ''form letter'' was mailed to the appellee, this one being sent from the office of appellant at Dubuque, advising appellee that the auditor would be in Ames on February 16th and 17th, and asking appellee to call on him at said time. No reply appears to have been made to either of these letters, nor did appellee appear in response thereto.

It is the contention of the appellant that, on the morning of February 16th, the principal contractor called at appellant's office, and ordered the material for the construction of the screens for appellee's house to be delivered at the contractor's residence at once. The contractor testified that the screen material was delivered at his house about 8:30 on the morning of February 16th, and that he immediately went to work cutting the material and fitting it for the frames. He said that he had the dimensions of the windows of appellee's house at that time, but that he went to said house on the evening of said day and remeasured the windows, to be sure he had made no mistake. Having learned that the contractor had been to the house the evening of February 16th and measured the windows, on the

morning of February 17th the appellee instructed the contractor not to do any more work in making the screens for the house.

The appellant filed its mechanics' lien on February 20, 1922, the last item of the statement being the material furnished for the screens. If appellant can legally claim a mechanics' lien for said item of screen material, then its lien was filed within the statutory period; otherwise not. The battleground of this lawsuit is, therefore, the proposition as to whether or not the item of screen material furnished the contractor on February 16, 1922, is an item for which a lien can be claimed.

So far as the material itself is concerned, it is a lienable item. *Fish Co. v. Young,* 127 Wis. 149 (106 N. W. 795).

It is the appellee's contention that, on or about the 3d of December, 1921, the appellee had a full and complete settlement with the principal contractor, and paid him the balance due under the contract, and that the contract was terminated at that time, and furthermore that the appellant had knowledge of such settlement and termination of the contract. At that time, there appears to have been some dispute between the contractor and the appellee with regard to the amount due the contractor at said time, the contractor contending that there was $700 coming to him, and the appellee contending that he had paid the contractor $500 more than he had been given credit for, and producing his check to establish his contention. The matter was finally adjusted between the parties by the appellee's giving to the contractor a check for the sum of $140, as the balance due. This check was introduced in evidence. It is made payable to the order of the contractor, Halbasch, and contains the recital, "final payment on new house on Lee Street." This check was accepted, indorsed, and cashed by the contractor, although he denied having seen the indorsement thereon, regarding final payment. It is the contention of the appellee that the said check of $140 represented the full price of the house under the contract, with a deduction of $60 for the screens, which had not been furnished. It also appears from the evidence that the contract price for the construction of the house was $3,900, and that the total amount paid by the appellee was $3,840. Checks and receipts were introduced in evidence, showing the payment of said amount by the appellee.

The balance due on appellant's account with Halbasch at the time the lien was filed was $1,252.64. It is the contention of the appellee that, on December 4, 1921, after he had given the contractor said check for $140, he called at the office of the appellant and had a conversation with the managing officer, in which conversation he told said officer that he had paid the contractor, Halbasch, on December 3d, and was through with him. The matter of this conversation is in dispute, and the evidence in regard to the same in direct conflict. The manager of appellant says that he had a talk with appellee about the first of December, and that he understood that appellee had held back $60 for the screens, and that Halbasch had received payment for the balance. He also contends that, at that time, appellee complained about the amount of the lumber bill that was yet unpaid by the contractor. Appellee insists that at said time he informed appellant's manager that he had settled with the contractor, and was through with him.

The burden rested upon appellee to establish his claim that he had settled in full with the principal contractor, and also that appellant had notice of that fact before the screen material was furnished. *Garrison Grain & Lbr. Co. v. Farmers Merc. Co.*, 181 Iowa 568; 27 Cyc. 100.

The case is not free from doubt. If appellant furnished the screen material to the principal contractor in good faith, and without any notice or knowledge that the principal contractor had been discharged by the appellee and paid in full prior to that time, then the appellant would be entitled to the establishment and foreclosure of its lien. We think, however, that the greater weight of the testimony and all of the facts and circumstances surrounding the case support the appellee's contention that the contractor had been fully settled with and discharged on or about December 3, 1921, and that appellant was advised of such fact before it furnished the screen material to the principal contractor. It therefore follows that appellant's lien was not filed in time, under the statute.

II. It is contended that appellee agreed with appellant to be personally responsible for and to pay appellant's bill for material furnished for said house.

We have examined the record with regard to this conten-

tion by appellant, and find that appellant failed to establish such an agreement on the part of the appellee. No doubtful or disputed question of law is involved in the case. The appeal presents primarily a fact question.

We are constrained to reach the same conclusion as did the trial court, and the decree appealed from is, therefore,—*Affirmed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.