Zimmerman and others, Respondents, vs. Treleven and others, Appellants.

*January 14—February 8, 1927.*

*Appeal and error: Failure of trial court to make findings: Disposition of case: Trade fixtures: Order of sale in partition.*

1. Although the statute requiring findings of fact by the trial court is not satisfied by an opinion, where the evidence is not conflicting, though permitting of different inferences, the case will not be sent back for a finding of facts.  p. 216.
2. In the absence of superior rights of third parties, the intention of the parties is controlling as to whether fixtures are removable or belong to the real estate; and a liberal rule as to the removal of trade fixtures obtains in Wisconsin.  p. 216.

3. Where trade fixtures at the time of their installation had been considered personalty by both landowners and tenant, a purchaser of the interest of one of the landowners, who was informed before buying that the fixtures were personalty, could not include the fixtures in a partition sale. p. 217.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Modified and affirmed.*

Suit for the partition of certain real estate, an undivided one-half of which is owned by the plaintiffs, and the other undivided one-half is owned by the *A. E. Treleven Company,* a corporation. A three-story concrete building used as a department store covers the premises, and it is admitted that no division of the property can be made. It must be sold and the proceeds divided.

It appears that the premises were originally owned equally by *A. E. Treleven* and W. F. Treleven; that afterwards *A. E. Treleven* conveyed his interest to the *A. E. Treleven Company,* of which he was practically the owner. W. F. and *A. E. Treleven* erected the building for a department store, and before its completion each bought fixtures for the store, the two purchases aggregating over $20,000, and stored them until they were ready for installation. After they were installed the *Treleven Company,* a corporation the stock of which was owned equally by W. F. and *A. E. Treleven,* paid for the fixtures and they were carried on the books of the company as a part of its inventory. The *Treleven Company* carried on the department store business. A short time before this suit was started plaintiffs bought the interest of the estate of W. F. Treleven, deceased, in the real estate. W. F. Treleven had previously sold his interest in the *Treleven Company* to *A. E. Treleven,* who then became practically the sole owner of the *Treleven Company* stock.

The *Treleven Company* claimed it was a tenant of the premises under a ten-year written lease and that the fixtures

belonged to it.   Plaintiffs claimed that the *Treleven Company* was a tenant from month to month or a tenant at will and that the fixtures belonged to them and to the *A. E. Treleven Company* in equal parts.   The court found for the plaintiffs on both claims, and the defendants appealed.

*L. E. Lurvey* of Fond du Lac, for the appellants.

*T. L. Doyle* of Fond du Lac, for the respondents.

Vinje, C. J.   The trial court failed to make findings of fact as required by the statute, and were there any substantial conflict in the evidence we would send the case back for a finding of facts.   It is a case where different inferences may be drawn from the evidence rather than a conflict therein.   The opinion of the trial court aids us in determining what it found as facts, but it should clearly be borne in mind by trial courts that the statute as to findings of fact is not satisfied by an opinion.

A careful scrutiny of the evidence satisfies us that the trial court was correct as to the question of a ten-year lease.   The evidence did not show that one was executed, and we affirm the judgment so far as the lease is concerned.

As to the fixtures we come to a different conclusion, and chiefly because the intention of the parties indicates that they were personalty and owned by the *Treleven Company,* which carried on the department store.   The fixtures were suitable for such business and consisted of cabinets, counters, shelving, window backs, etc.   It is well settled that the intention of the parties as to whether fixtures are removable or belong to the realty is controlling in the absence of superior rights of third parties and that a liberal rule as to removal of trade fixtures obtains in this state.   *Rinzel v. Stumpf,* 116 Wis. 287, 93 N. W. 36; *E. M. Fish Co. v. Young,* 127 Wis. 149, 106 N. W. 795; *Brobst v. Marty,* 162 Wis. 296, 156 N. W. 195; *State ex rel. Hansen S. Co. v. Bodden,* 166 Wis. 219, 164 N. W. 1009; 11 Ruling Case Law, 1069.

*A. E.* and W. F. Treleven bought the fixtures individually as stated.   They also owned the building, and they also owned the *Treleven Company* that carried on the department store.   The fact that they were paid for the fixtures by the department store shows that they intended the fixtures to remain personalty.   They might have held the fixtures as realty, as they both owned the building.   But they sold the fixtures to the *Treleven Company* and it owned only personal property.   It further appears that W. F. Treleven and *A. E. Treleven* knew that the *Treleven Company* carried the fixtures on its inventory for years, and it must be assumed that when *A. E. Treleven* purchased the interest of W. F. Treleven in the *Treleven Company* he paid for the fixtures as well as for the balance of the property owned by the *Treleven Company*.   It also appears that one of the plaintiffs, before they bought from the estate of W. F. Treleven, was shown the inventory of the fixtures and told that all the fixtures belonged to the *Treleven Company,* and plaintiffs in a proposition for a sale to them agreed to give a chattel mortgage on the fixtures for $27,000, showing they considered them to be personalty.   Under such circumstances it seems clear that the fixtures should be held to be the property of the *Treleven Company* and not to be included in the partition sale.   Should it be necessary to remove them, a reasonable time for that purpose should be allowed upon application to the trial court.

*By the Court.*—The judgment is modified by excluding the fixtures as a part of the real estate, and as so modified is affirmed, with costs to the appellants.